UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE NOLES, | ) | Case No.: 3:15 CV 587 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CHARLOTTE JENKINS, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On March 25, 2015, Petitioner Billie Noles ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and sentence for four counts of rape.[1]  Petitioner was sentenced to four consecutive terms of life imprisonment.  Petitioner was also adjudicated a Tier III Child Victim Offender and advised of his registration duties.  He argues that his Petition should be granted based on the following grounds:

    Ground One: The Ohio State Courts erred and abused their discretion by denying Petitioner's right to re-open his direct appeal and affirming this denial; despite Petitioner's appellate counsel's ineffective assistance to assign error to Mr. Noles' conviction and sentence; which must be considered void as a violation of Ex Post Facto laws under both State and Federal Law.

    Ground Two: The Ohio State Courts erred and abused their discretion by not

---

[1] The jury also made a further finding that the victim was less than ten years of age at the time of the offense.

>> determining Petitioner's conviction and sentence void under state laws; namely the unconstitutional application of the Adam Walsh Act, which did not go into effect in Ohio until January 1, 2008 and the alleged offenses of Petitioner were committed in 2006. This retroactive application was an unreasonable determination in light of the evidence presented in the state court proceedings entitling Petitioner to Habeas Review.

> Ground Three: The Ohio State Courts erred and abused their discretion by imposing consecutive sentences without the required findings pursuant to the Ohio statute or consistent with constitutional principles articulated in *Oregon v. Ice*, 129 S. Ct. 711 (2009); rendering Petitioner's first time sentence excessive and inconsistent with Ohio's felony sentencing statues.

(Pet. at 7-15.) This court referred the case to Magistrate Judge James R. Knepp II for preparation of a Report and Recommendation ("R&R"). Respondent Charlotte Jenkins ("Respondent") filed a Motion to Dismiss (ECF No. 11) on July 16, 2015, stating that the Petition should be dismissed as time-barred. The Magistrate Judge submitted his R&R (ECF No. 15) on January 8, 2016, recommending that the court grant Respondent's Motion and dismiss the Petition. The Magistrate Judge found that Respondent's Motion to Dismiss should be granted because Petitioner filed the Petition outside of the one-year period of limitations outlined in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and failed to establish that his claim warrants equitable tolling.

On February 16, 2016, Petitioner filed an Objection to Report and Recommendation. (ECF No. 18.) Petitioner disagrees with the Magistrate Judge's finding that he is not entitled to equitable tolling of the AEDPA's one-year statute of limitations. According to Petitioner, he diligently pursued his rights, and several factors including his *pro se* status, low IQ, and his ineffective appellate counsel provide grounds for equitable tolling.

The court first notes that the Magistrate Judge correctly points out that equitable tolling is to be applied "sparingly," and "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). With respect to Petitioner's *pro se* status, the Sixth Circuit has noted that "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Thus, Petitioner's objection is overruled on this ground.

Second, Petitioner argues that his prior ineffective assistance of counsel warrants equitable tolling. (Obj. at 5) Similar to arguments made in his Response to the Respondent's Motion to Dismiss (ECF No. 14), Petitioner argues in his Ojection that due to appellate counsel's ineffective assistance, he was left to recognize the "errors and deficiencies" and pursue a *pro se* motion to reopen his appeal pursuant to Ohio App.R. 26(B) ("Rule 26(B)"). (*Id.*) Here again, Petitioner's argument appears to be a reiteration of the argument that his Petition warrants equitable tolling because of his *pro se* status. As explained *supra*, *pro se* status alone does not warrant equitable tolling. Accordingly, Petitioner's objection is overruled.

Last, raising nearly the same argument that he advanced in his Response to Respondent's Motion to Dismiss (ECF No. 14), Petitioner argues that he has a composite IQ of 50, which causes him to be "limited in scope and understanding as well as mildly mentally retarded." (Obj. at 3.) Petitioner also notes that he is illiterate, and as a consequence, "must rely on others to present his arguments and do his filings." (*Id.* at 6; *Id.* at 3 ("Mr. Noles did his best to present and move his case forward; but he had to rely upon others.").)

To warrant equitable tolling based on mental incompetence, the petitioner must establish each of the following: "(1) he is mentally incompetent and (2) his mental incompetence caused his

failure to comply with the AEDPA's statute of limitations." *Ata v. Scutt*, 622 F.3d at 742. As the Magistrate Judge correctly points out, two separate psychologists found Petitioner competent to stand trial, and Plaintiff fails to establish a causal connection between his mental incapacity and his failure to timely file his Petition. Petitioner's "blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Id.* Moreover, Petitioner is not entitled to equitable tolling simply because of his assertion that he is unable to read and write.[2] *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about legal requirements for filing his claims."). Last, even if Petitioner had established a causal link between his low IQ, alleged illiteracy, and his failure to comply with the AEDPA's one-year statute of limitations, the causal link is broken by Petitioner's admission that he has relied on others to present his arguments and filings. *See Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) (concluding that "because [petitioner] was not doing her own legal work, her physical disabilities could not have impacted the timeliness of their filing."); *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (noting that petitioner failed to establish a causal connection between her mental condition and her failure to timely file where the filing delay appeared to result from a miscalculation of the statutory limitations period by the inmate legal aid); *Smith v. Beightler*, 49 F. App'x 579, 582 (6th Cir. 2002) (finding that petitioner, who was blind and relied on others to assist him in accessing the courts did not "meet the standards required for invocation of equitable tolling," as petitioner's reliance on others does not establish that petitioner lacked knowledge of the filing

---

[2] While Petitioner asserts that he can neither read nor write, the record indicates that Petitioner dropped out of school in the eleventh grade, and reads at a third or fourth grade level. (Mot. to Dismiss, Doc. 11, Ex. 14 ¶ 12, ECF No. 11-1.)

requirement, that he was diligent in pursuing his rights, or that the respondent would not be prejudiced by the delay in the filing of the petition).

   The court finds that, after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation for the reasons stated therein (ECF No. 15), as well as the additional reasons stated herein. The court grants Respondent's Motion to Dismiss (ECF No. 11) and dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1). The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

   IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 9, 2016